UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, | MDL NO. 1407 |
| _____ | ORDER DENYING PLAINTIFFS' MOTION TO VACATE |
| This document relates to:<br>*Dunlap v. Bayer*, C04-14;<br>*Scott v. Bayer*, C04-354;<br>*Thigpen v. Bayer,* C04-19;<br>*Rawls v. Bayer*, C04-352;<br>*Rainey v. Bayer*, C04-741;<br>*Tate v. Bayer*, C04-740;<br>*Lauderdale v. Bayer*, C04-739 | |

This matter comes before the court on the above-named plaintiffs' motion to vacate this court's dismissal order of December 3, 2004. Having reviewed the briefs filed in support of and opposition to the motion, the court finds and rules as follows.

On December 3, 2004, the court dismissed the above-named cases for failure of plaintiffs to timely serve a completed fact sheet in accordance with Case Management Order 6 ("CMO 6"). The fact sheets in some of these cases were due on March 19, 2004, and on March 25, 2004 in the others. Defendants did not receive fact sheets in any of the cases by the appropriate date, and sent warning letters, as provided by CMO 6, allowing an additional 30 days for plaintiffs to complete and serve the fact sheets. Having

ORDER
Page - 1 -

not received the fact sheets by June 8, 2004, Wyeth moved on behalf of all defendants to dismiss for failure to comply with CMO 6. The court granted the motions on December 3, 2004.

Plaintiffs now move, some eight months after dismissal, for the court to vacate those dismissal orders under Fed. R. Civ. P. 60(b). That rule provides in relevant part that a party may seek relief from a court's final judgment for "mistake, inadvertence, surprise or excusable neglect."

Plaintiffs submit that they served their fact sheets on defendants on July 8 and 9, 2004, and that they were therefore in compliance with CMO 6. Defendants do not dispute that plaintiffs served the fact sheets on July 8 and 9, 2004.[1] As the court has held before, however, production of the fact sheets months late, and only after a defendant has been forced to move to dismiss, is not "compliance" with CMO 6. *See, e.g.*, October 24, 2003 Order Granting Motion to Dismiss With Prejudice. Any "mistake" in the court's understanding of the facts at the time of dismissal was therefore not material.

Moreover, this motion comes some eight months after dismissal, and almost a year and a half after the fact sheets were originally due. Plaintiffs' counsel's excuse for the eight-month lag is that she was immersed in trial preparation on another case, and that though she does recall receiving notice of the

---

[1] Defendants do dispute that the fact sheets were "substantially complete" as required by CMO 6, though this question is not before the court.

ORDER
Page - 2 -

dismissals, "seeing no names that looked familiar, [she] put it aside." Affidavit of Suzanne Keys, ¶ 4. Even if this explanation were adequate, which it is not, it would do little to temper the prejudice that defendants would experience if the court were to require them to resume litigation on these cases after a seventeen-month delay.

Plaintiffs have failed to demonstrate that they are entitled to relief under Fed. R. Civ. P. 60(b). For the foregoing reasons, their motion to vacate is hereby DENIED.

DATED at Seattle, Washington this 16th day of August, 2005.

*/s/ Barbara J. Rothstein*
BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT JUDGE

ORDER
Page – 3 –